IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL RAY REEVES,           )
                                   )
       Petitioner,             )
                                   )
       v.                     )         Case No.3:11-cv-1086-DRH-DGW
                                   )
DAVID REDNOUR,              )
                                   )
       Respondent.        )

**REPORT AND RECOMMENDATION**

**WILKERSON, Magistrate Judge:**

This matter has been referred to United States Magistrate Judge Donald G. Wilkerson by United States District Judge David R. Herndon pursuant to 28 U.S. C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and SDIL-LR 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by Petitioner, Michael Ray Reeves, on December 13, 2011 (Doc. 1) and the Motion to Dismiss filed by Respondent, David Rednour, on October 4, 2012 (Doc. 19).   For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DISMISSED**, that the Motion to Dismiss be **GRANTED**, and that the Court adopt the following findings of fact and conclusions of law.

### FINDINGS OF FACT

On September 9, 2000, Petitioner robbed the cash register of a hotel in Johnson County, Illinois, abducted the hotel attendant and sexually assaulted her in Massac County, Illinois.   On September 5, 2001, he pled guilty to aggravated robbery and burglary in Johnson County, Illinois and was sentenced to an aggregate term of 20 years' incarceration (Doc. 1, p. 1).   He was prosecuted by Massac County, Illinois and sentenced to 18 years' incarceration for aggravated kidnapping, two terms of 6 years' incarceration for criminal sexual assault, and 22 year'

incarceration for aggravated criminal sexual assault.   The Petition before this Court stems from the guilty plea in the Johnson County, Illinois case, on which Petitioner did not file any direct appeals.

Petitioner did file three post-conviction petitions in July, 2004, January, 2007, and February, 2009, respectively (Doc. 1, pp. 2-4).   The first post-conviction petition, which alleged ineffective assistance of counsel with respect to a state speedy trial claim, was denied as patently without merit.   This decision was affirmed by the Illinois Court of Appeals on July 27, 2006 (Doc. 19-1, pp. 10-16).   The second post-conviction petition, which alleged, among other things, that trial counsel was ineffective for failing to evaluate Petitioner's competence to stand trial, was also dismissed as patently without merit by the trial court (*Id.* at 18).   The Illinois Court of Appeals affirmed the dismissal on January 29, 2009 but on the grounds of procedural default: that Petitioner had failed to seek permission to file a second petition for post-conviction relief (*Id.* at 22).   The third post-conviction petition similarly alleged that trial counsel was ineffective for failing to evaluate Petitioner's competence to stand trial.   The trial court denied Petitioner leave to file this third petition because he failed so show cause and prejudice for neglecting to assert this claim in his first petition (Doc. 19-2, p. 3).   This decision was affirmed by the Illinois Court of Appeals on February 18, 2011 (*Id.* at 1).[1]

Before this Court, Petitioner alleges that his trial counsel and appellate counsel were ineffective for failing to raise an insanity defense, for allowing him to "plead guilty to an improper sentence," and for failing to use a doctor's report related to an insanity defense; and, that his due

---

[1] Petitions for Leave to Appeal to the Illinois Supreme Court were denied on each of these post-convictions petitions.  *People v. Reeves*, 861 N.E.2d 661 (table) (Ill. 2006); *People v. Reeves*, 910 N.E.2d 1130 (table) (Ill. 2009); *People v. Reeves*, 949 N.E.2d 1102 (table) (Ill. 2011).

process rights were violated when he was not allowed to present an insanity defense.   Attached to

the Petition is a letter by Dr. J. Srinivasaraghavan, dated June 14, 2007 and addressed to Massac

County Circuit Judge Terry J. Foster, and a July 24, 2007 "Forensic Evaluation" (Doc. 1-1, pp.

6-15).   In this evaluation, Dr. Srinivasaraghavan offers the opinion that Petitioner, "was affected

by a mental disease and had significant psychiatric symptoms at the time of the alleged crimes."

(*Id.* at 15).   Dr. Srinivasaraghavan specifically indicated that:

> The probability is high that his actions are the result of a significant mental disorder
> containing both affective elements especially episodes of depression and psychotic
> delusional beliefs his history best supports a diagnosis of a schizoaffective disorder
> and paranoid personality disorder. (*Id.* at 13).

Petitioner also has attached a September 15, 2005 letter from Assistant Appellate Defender Larry

R. Wells to Petitioner's trial attorney, William Rudert, which points out Mr. Rudert's failure to

object to an improper charging instruments, his failure to rectify mistakes regarding Petitioner's

guilty plea, and his mistake in seeking a continuance of Petitioner's trial date in light of the State's

failure to timely provide discovery (Doc. 1-2, pp. 1-3).   For relief, Petitioner seeks resentencing to

a lesser charge, the withdrawal of his guilty plea, and a mental health evaluation in order to explore

an insanity defense.

## CONCLUSIONS OF LAW

The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes time limits on the

filing of a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.   A petitioner must

file his Petition within 1 year of various events:

> **(A)** the date on which the judgment became final by the conclusion of direct review
> or the expiration of the time for seeking such review;

> **(B)** the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if the

applicant was prevented from filing by such State action;

**(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

This limitations period is tolled during the time that a "properly filed application for State post-conviction or other collateral review . . . is pending." *Id.* at § 2244(d)(2).

Petitioner does not claim any state-created impediment, any new constitutional right, nor any new evidence: his claims before this Court allege ineffective assistance of trial counsel and due process violations at the trial level. Therefore, the limitations period on this Petition started to run on the date that his conviction and sentence became final. A conviction becomes final at the conclusion of direct review or when the time to pursue direct review has expired. *Gonzalez v. Thaler*, ___ U.S. ___, 132 S.Ct. 641, 653-654 (2012). In Illinois, when a Petitioner pleads guilty (whether it is negotiated or not), he "must file in the trial court, within 30 days of the date on which sentence is imposed, a written motion asking to have the judgment vacated . . . " prior to "taking an appeal." Ill. Sup. Ct. R. 605(b) and (c) (2001). There is no showing that Petitioner sought to vacate or withdraw his guilty plea before the trial court or that he, nonetheless, attempted to appeal his sentence and conviction to the Illinois Court of Appeals or Supreme Court. Therefore, Petitioner's conviction became final on October 5, 2001. Petitioner had, then, until October 5, 2002 to file a Petition pursuant to 28 U.S.C. § 2254 with this Court. The Petition was not filed

until December 13, 2011.   The Petition is untimely.[2]

Petitioner has not established that his claims are subject to equitable tolling nor can this Court find that he is entitled to such an extraordinary remedy.   *Lo v. Endicott*, 506 F.3d 572, 576 (7th Cir. 2007).   Petitioner claims that he suffered from a mental disease or defect at the time of the crimes in 2000 and has presented some evidence to that effect.   There is no showing, however, that he suffered from any mental disease or defect after that date that would have prevented him from timely pursuing his claims.   *Miller v. Runyon*, 7 F.3d 189, 191 (7th Cir. 1996) ("mental illness tolls a statute of limitations only if the illness *in fact* prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them" (emphasis in original)).   Petitioner does appear to borrow, from the procedural default doctrine, an argument that there is "cause and prejudice" for his failure to bring his claims in a timely manner.   This argument, however, misses the mark: Petitioner has not necessarily defaulted on these claims (in this Court), he merely failed to file them in a timely manner.   *See e.g. Escamilla v. Jungwirth*, 426 F.3d 868, 871-872 (7th Cir. 2005).   Petitioner simply offers no excuse as to why he failed to file his claims in a timely manner.   For these reasons, the Petition should be **DISMISSED**.

Respondent also argues that Petitioner is not entitled to a certificate of appealability.   This Court would find that Petitioner has failed to make a "substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   The question of whether or not the Petition is timely does not support the issuance of a certificate.   *Rivera v. Pollard*, 2013 WL 485274, *2 (7th

---

[2]   The limitations period was not tolled while Petitioner's 2004, 2007, and 2009 state post-conviction petitions were pending because they were filed after October 5, 2001.   *See De Jesus v. Acevedo*, 567 F.3d 941, 943 (7th Cir. 2009) ("It follows that a state proceeding that does not begin until the federal year has expired is irrelevant."); *Griffith v. Rednour*, 614 F.3d 328, 329-330 (7th Cir. 2010).

Cir. 2013).

### RECOMMENDATIONS

For the foregoing reasons, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by Petitioner, Michael Ray Reeves, on December 13, 2011 (Doc. 1) be **DISMISSED**, that the Motion to Dismiss filed by Respondent, David Rednour, on October 4, 2012 (Doc. 19) be **GRANTED**, and that the Court adopt the foregoing findings of fact and conclusions of law.

Pursuant to 28 U.S.C. § 636(b)(1) and SDIL-LR 73.1(b), the parties shall have fourteen (14) days after service of this Report and Recommendation to file written objection thereto.   The failure to file a timely objection may result in the waiver of the right to challenge this Report and Recommendation before either the District Court or the Court of Appeals.   *Snyder v. Nolen*, 380 F.3d 279, 284 (7th Cir. 2004); *United States v. Hernandez-Rivas*, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: March 21, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**