IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS


MICHAEL RAY REEVES,

Petitioner,

v.                                                                          No. 11-1086-DRH

MICHAEL ATCHISON,[1]

Defendant.


**MEMORANADUM and ORDER**


**HERNDON, Chief Judge:**

## I. Introduction and Background

This matter comes before the Court on Magistrate Judge Wilkerson's March 21, 2013 Report and Recommendation ("the Report") (Doc. 20). The Report recommends that the Court grant respondent's motion to dismiss (Doc. 19) and dismiss as untimely Reeves' December 13, 2011 petition for writ of habeas

---

[1] Michael Atchison replaced Davie Rednour as warden at Menard Correctional Center. Thus, Atchison is the appropriate respondent in this action. *See* Fed.R.Civ.P 25(d); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

pursuant to 28 U.S.C. § 2254 (Doc. 1). Reeves filed an objection to the Report (Doc. 21). Based on the following the Court **ADOPTS** the Report in its entirety.

On December 13, 2011, Reeves, pro se, filed a petition for writ of habeas corpus in this Court (Doc. 1). On September 9, 2000, Reeves robbed the cash register of a hotel in Johnson County, Illinois, abducted the hotel attendant and sexually assaulted her in Massac County, Illinois. For these crimes he was prosecuted by both Massac County, Illinois and Johnson County, Illinois. The Massac County, Illinois Circuit Court sentenced Reeves to 52 years on three counts of aggravated criminal sexual assault and one count of aggravated kidnapping.[2] In this petition, Reeves is challenging his judgment of conviction in Johnson County, Illinois for aggravated robbery and burglary in 00-CF-078. On September 5, 2001, the Johnson County, Illinois Circuit Court sentenced him to 20 years after he pled guilty to the charges that same day.

He *did not appeal* the judgment of conviction of the Johnson County, Illinois case. Instead he filed three post convictions petitions in July 2004, January 2007 and February 2009. The July 2004 post-conviction petition alleged ineffective assistance of counsel with respect to a state speedy trial claim was denied without merit by the trial court. The Illinois Appellate Court affirmed this decision on July 27, 2006. The January 2007 post-conviction petition alleged, inter alia, ineffective

---

[2] As to the Massac County case, Reeves had two trials. In 2003, the Illinois Appellate Court remanded that case for a new trial because the circuit court failed to appoint a psychiatrist to investigate a possible defense of insanity. *People v. Reeves*, No. 5-01-0883 (September 30, 2003).

assistance of counsel for failing to evaluate Reeves' competence to stand trial was denied without merit by the trial court. Thereafter on January 29, 2009, the Illinois Appellate Court affirmed on grounds of procedural default: that Reeves failed to seek permission to file a second petition for post-conviction relief. The February 2009 post-conviction petition alleged that counsel was ineffective for failing to evaluate Reeve's competence to stand trial. The trial court denied Reeves leave to file his third petition because he failed to show cause and prejudice for neglecting to raise this claim in his first post-conviction petition. On February 18, 2011, the Illinois Appellate Court affirmed this decision. Ultimately, the Illinois Supreme Court denied all three petitions for leave to appeal these post-conviction petitions.[3] The last denial for leave to appeal to the Illinois Supreme Court was denied on May 25, 2011.

Reeves raised the following issues: (1) ineffective assistance of counsel by William Rudert and Larry Wells in that they did "not raise insanity as a defence" [sic]; (2) ineffective assistance of counsel by William Rudert and Larry Wells for allowing "me to plead guilty to an improper sentence."; (3) denial of his due process when the trial court "denied the right to use insanity as my defence [sic]."; (4) ineffective assistance of counsel and denial of due process rights by Larry Wells for not using two reports by "Dr. Van" in his appeals.

In response to the petition before the Court, the respondent filed a motion to

---

3 See *People v. Reeves*, 861 N.E.2d 661 (table) (Ill. 2006); *People v. Reeves*, 910 N.E.2d 1130(table) (Ill. 2009); *People v. Reeves*, 949 N.E.2d 1102 (table) (Ill. 2011).

dismiss the petition as time barred on October 4, 2012 (Doc. 19). Reeves never responded to the motion to dismiss. Subsequently on March 21, 2013, Magistrate Judge Wilkerson entered the Report recommending that the Court grant the motion to dismiss, dismiss the petition as untimely and decline to issue a certificate of appealability (Doc. 20). Reeves filed objections on March 27, 2013 (Doc. 21).

Since timely objections have been filed, this Court must undertake *de novo* review of the Report. 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b); Southern District of Illinois Local Rule 73.1(b); *Govas v. Chalmers*, 965 F.2d 298, 301 (7th Cir. 1992). The Court may "accept, reject or modify the recommended decision." *Willis v. Caterpillar Inc.*, 199 F.3d 902, 904 (7th Cir. 1999). In making this determination, the Court must look at all the evidence contained in the record and give fresh consideration to those issues to which specific objection has been made. *Id.*

## II. Analysis

A one year limitations period applies to habeas corpus petitions filed under 28 U.S.C. § 2254. The one-year period runs from the latest of several dates, only two of which are potentially applicable in this case:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

...

28 U.S.C. § 2244(d)(1)(A) & (B). "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending" does not count toward the one-year period. *Id.* § 2244(d)(2).

Here, Reeves, in his objection, merely argues that he did timely file his petition and that his state court post convictions were timely filed. He offers no case law or reasoning in support to demonstrate why his petition is timely. Despite Reeves' assertions, the record demonstrates otherwise.

A conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. §2244(d)(1)(A); *Gonzalez v. Thaler*, --- U.S. ---, 132 S.Ct. 641, 653-54 (2012). Reeves' conviction became final on October 5, 2001, the last date on which he could have filed, but *did not* file, a motion to withdraw his guilty plea. Ill.Supp. Ct. R. 605(b) and (c) (2001); *United States ex rel Martinez v. Hodge*, 2012 WL 1965447, at *2 (N.D. Ill. 2012)(where no motion to withdraw guilty plea filed, petitioner's judgment final under § 2244(d)(1)(A) thirty days after the plea); Ill.Sup. Ct. R. 604(d)(no appeal may be taken from judgment entered upon a plea of guilty unless defendant moves to withdraw plea within 30 days). Therefore, Reeves' § 2244 petition was due one year later, on October 5, 2002. The petition was not filed until December 13, 2011. Clearly, the petition is untimely. Further, the limitations period were not

tolled while his 2004, 2007 and 2009 post-conviction petitions were pending because they were filed after October 5, 2001. *See De Jesus v. Acevedo*, 567 F.3d 941, 942-43(7th Cir. 2009)("A state court's later refusal to upset a conviction does not open a new window for federal collateral review." … "It follows that a state proceeding that does not begin until the federal year has expired is irrelevant."); *Griffith v. Rednour*, 614 F.3d 328, 329-330 (7th Cir. 2010).

Reeves has not demonstrated that his claims are subject to equitable tolling nor can the Court conclude that he is entitlted to such relief. There is no showing that he that he suffered from any mental disease of defect that would have prevented him from timely pursuing his claims. *Miller v. Runyon*, 7 F.3d 189, 191 (7th Cir. 1996)("mental illness tolls a statute of limitations only if the illness in fact prevents the sufferer from managing his affairs and thus from understanding his legal rights and action upon them"). His petition merely states that he trial counsel should have pursued an insanity defense because he had a "'mental disease' at the time of the alleged offense." He offers no evidence that he was incapable of preparing and filed a habeas petition in a timely manner. Thus, the Court denies his petition as untimely.

The district court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to the applicant. Rule 11(a), RULES GOVERNING SECTION 2254 CASES. A COA may issue only if the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. §

2253(c)(2). Pursuant to 28 U.S.C. § 2253, a certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. This requirement has been interpreted by the Supreme Court to mean that an applicant must show that reasonable jurists would find the district courts assessment of the constitutional claims debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner need not show that his appeal will succeed, *Miller-El v. Cockrell*, 537 U.S. 322, 337 (2003), but petitioner must show something more than the absence of frivolity or the existence of mere good faith on his part. Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

Where a district denies a *habeas* petition on procedural grounds, the court should issue a certificate of appealability only if (1) jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and (2) jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack,* 529 U.S. at 485. If the district court denies the request, a petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1)-(3). Based on the reasons in this Order, the Court finds that Reeves is not entitled to a COA.

### III. Conclusion

Accordingly, the Court **ADOPTS** the Report in its entirety; **GRANTS** respondent's motion to dismiss (Doc. 19) and **DISMISSES with prejudice** petitioner's habeas corpus petition as untimely. Further, the Court **DECLINES** to

issue a certificate of appealability. The Court **DIRECTS** the Clerk of the Court to enter judgment reflecting the same.

    **IT IS SO ORDERED.**

Signed this 2nd day of July, 2013.

David R. Herndon
2013.07.02
09:17:57 -05'00'

**Chief Judge**
**United States District Court**